# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT METZGER,** | ) | CASE NO. 2:17-425 |
| 10652 Roley Hills Road | ) | |
| Thornville, Ohio 43076 | ) | **JUDGE** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **LIFE INSURANCE COMPANY** | ) | **COMPLAINT** |
| **OF NORTH AMERICA**, | ) | |
| 900 Cottage Grove Road | ) | |
| Bloomfield, CT 06152 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

1. Plaintiff was an employee of Gap, Inc., until the cessation of his employment on or around March 30, 2015, and was a participant in Gap, Inc., Long Term Disability Plan, with CIGNA Group Insurance Company (underwritten by Life Insurance Company of North America) acting as its third party claims administrator.

2. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., seeking to overturn a decision by the Defendant, as claims administrator under the policy, denying him long term disability benefits, and is seeking damages for wrongful denial of benefits.

## PARTIES

3. Plaintiff, Vincent Metzger, is a resident of Licking County, Ohio.

4. Defendant, Life Insurance Company of North America (hereinafter "LINA" or "Defendant"),

is an insurance company that issues and administers long term disability insurance contracts throughout the United States and the State of Ohio, and was the third party administrator for the insurance claim.

5. Defendant acted as both the claims administrator for the relevant policy and the party responsible for paying any claims which are approved under this particular policy.

## JURISDICTION

6. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1332(a)(1), 1343 and 1391, and 29 U.S.C. §1132(e).

7. Plaintiff asserts his claims pursuant to a benefit plan governed by ERISA, 29 U.S.C. §1132(a)(1)(B), which he contracted into with Defendant by way of his employment with Gap, Inc.

## OPERATIVE FACTS

8. Plaintiff asserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

9. On August 6, 2007, Plaintiff began working for Gap, Inc., as a maintenance manager. As part of its benefits package to employees, Gap, Inc., provided Plaintiff with a disability benefit program (hereinafter the "Plan") issued and underwritten by Defendant under group policy number FLK-0980039.

10. The Plan constitutes an employer-funded employee welfare benefit plan within the meaning of 29 U.S.C. §1002(A)(1).

11. The Plan provides long term disability insurance benefits to Gap, Inc., including the Plaintiff,

through a contract with Life Insurance Company of North America.

12. On or around March 30, 2015, while employed at Gap, Inc., Plaintiff became permanently and totally disabled pursuant to the Plan.

13. Plaintiff is disabled due to multiple medical conditions.  Due to the public nature of this filing, Plaintiff has not detailed these conditions but will comply with any court order and will seek a protective order or permission to file pleadings under seal. Defendant is fully aware of Plaintiff's medical conditions.

14. In or around September 2015, Plaintiff was approved for long term disability benefits.

15. Plaintiff received long term disability benefits from September 2015, through June 13, 2016, when Defendant terminated Plaintiff's long term disability benefits.

16. Plaintiff's condition has not improved such that he would no longer be disabled pursuant to the plan.

17. On or around November 11, 2016, Plaintiff filed his timely appeal of Defendant's termination of his long term disability benefits claim.

18. On December 23, 2016, Defendant upheld its decision to terminate Plaintiff's benefits.

19. Plaintiff's job was classified by the Short Term Disability carrier as a "heavy" occupation.

20. A Vocational Expert submitted a report that the position is properly classified as Light to Medium.

21. Without reason, explanation or analysis, Defendant mis-categorized Plaintiff's occupation as 'sedentary', forming the basis for its subsequent denial of benefits.

22. Plaintiff and his physicians have provided sufficient and ample medical documentation to

the Defendant to demonstrate that he is disabled as defined by the plan.

23. Plaintiff has complied with all administrative and policy requirements of the Plan and Defendant has waived all defenses.

24. The Defendant, without reasonable justification, arbitrarily and in bad faith, failed and refused to properly and adequately review Plaintiff's medical documentation, has refused to revise its determination that Plaintiff is not entitled to long term disability benefits, and has failed and refused to reinstate Plaintiff's benefits, which he is entitled to under the Plan.

25. The Defendant, as sole administrator of the Plan, is responsible for paying the claim if approved.

26. As Defendant is the entity responsible for both making the determination of disability and for paying the claim in the event of approval, and inherent conflict of interest exists in this case.

## WRONGFUL TERMINATION OF BENEFITS

27. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

28. Plaintiff is totally disabled and entitled to receive benefits under the plan.

29. Plaintiff promptly filed a claim for long term disability benefits under the plan.

30. Defendant was aware that Plaintiff's conditions have not improved and that he continues to meet the Plan requirements for receipt of disability benefits.

31. Defendant violated the terms of its LTD plan and requirements under ERISA when it improperly terminated Plaintiff's long term disability benefits without sufficient basis and has acted arbitrarily, unreasonably, and capriciously in violation of Plaintiff's rights.

32. Defendant's refusal to grant benefits under Plaintiff's disability claim is in direct violation of ERISA law and the underlying provision of the Plan.

33. As evidenced by the above facts, Defendant is both the entity that makes disability determinations and is the responsible party for paying the disability benefits when a claimant is found to be disabled.

34. Defendant has a financial incentive to find Plaintiff not disabled.

35. Because of the Defendant's dual responsibilities in this case, it is acting under a conflict of interest, which improperly motivated its decision making process.

36. Plaintiff is and has been disabled pursuant to the plan since March 31, 2015, and by improperly terminating his benefits, Defendant has wrongfully denied benefits and rights entitled to Plaintiff.

37. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to recover benefits under the plan for long term disability payments.

WHEREFORE, Plaintiff, Vincent Metzger, requests that the court award him the following relief against Defendant:

    A.    Grant all benefits and related restitution to Plaintiff as a result of its denial of his long term disability benefits; and,

    B.    Pursuant to 29 U.S.C. § 2201, et seq. and 29 U.S.C. § 1132(g)(1), award Plaintiff attorney's fees and costs in connection with his prosecution of this action.

Respectfully submitted,

*s/ Andrew L. Margolius*
Andrew L. Margolius (0003402)
Emily E. Gilbert (0080174)

Margolius, Margolius and Associates
55 Public Square, Suite 1100
Cleveland, Ohio 44113
(216) 621-2034; Fax (216) 621-1908
Email: andrew@margoliuslaw.com
　　　　emily@margoliuslaw.com

Attorneys for Plaintiff